(Pleito No. 235.—Fallado el 19 de Diciembre de 1902.)

## FRONTERA contra EL REGISTRADOR.

1.—CANCELACIONES. De acuerdo con el artículo 82 de la Ley Hipotecaria las inscripciones ó anotaciones preventivas hechas en virtud de escritura pública no se cancelarán sino por providencia ejecutoria, contra la cual no se halle pendiente recurso de casación, ó por otra escritura ó documento auténtico en el cual exprese su consentimiento para la cancelación la persona á cuyo favor se hubiese hecho la inscripción ó anotación, ó su causahabiente ó representantes legítimos.

2.—SOBRE EL MISMO PUNTO. El precepto arriba mencionado no es aplicable cuando se trata de obligaciones trasmisibles por endoso, pues entonces el crédito hipotecario se entenderá trasmitido junto con la obligación, no necesitando para ello ni otorgar escritura de cesión, ni su inscripción en el Registro de la Propiedad.

3.—SOBRE EL MISMO PUNTO. Para la cancelación de la hipoteca basta en tales casos la presentación de la carta de pago otorgada por los que hayan cobrado los créditos, en la cual se haga constar haberse inutilizado en el acto de su otorgamiento los títulos endosables, ó solicitud firmada por dichos interesados y por el deudor, á la cual se acompañen taladrados los referidos títulos.

4.—CANCELACIONES PARCIALES. Dividida la hipoteca constituída para la seguridad de un crédito entre varias fincas y pagada la parte del mismo

crédito con que estuviera gravada alguna de ellas, se podrá exigir, por aquél á quien interese, la cancelación parcial de la hipoteca en cuanto á la misma finca.

5.—Parte que ha de ser liberada. Si la parte de crédito pagada se pudiera aplicar á la liberación de una ó de otra de las fincas gravadas, por no ser inferior al importe de la responsabilidad especial de cada una, el deudor elegirá la que haya de quedar libre.

6.—Condonaciones. El acto de condonar una cantidad de dinero rebajada por el anticipo del pago de un documento cuyo vencimiento no ha llegado aún, no puede considerarse como una verdadera donación, sino como una simple operación de descuento.

## RESOLUCIÓN.

En la Ciudad de San Juan de Puerto Rico, á diez y nueve de Diciembre de mil novecientos dos, visto el presente recurso gubernativo interpuesto por el Abogado Don José de Diego en representación de Don Ramón Frontera y Pons y de Don Luis Aran y Lancy contra negativa del Registrador de la Propiedad, sustituto, de Mayagüez, á cancelar un crédito hipotecario.—Resultando: Que por escritura pública otorgada en la Ciudad de Mayagüez ante el Notario de la misma Don Mariano Riera Palmer, en once de Mayo del año de mil novecientos, Don Luis Aran y Lancy, propietario y vecino de dicha ciudad, reconoció deber á la sociedad Durán y Coll, del comercio de Ponce y á Don Baudilio Durán, en particular: á la primera la suma de veinte mil pesos, moneda provincial, que le había facilitado en calidad de préstamo, al interés del nueve por ciento anual, comprometiéndose á pagárselos en cinco años, á razón de cuatro mil pesos anuales, y á expedir á favor y orden de la referida sociedad un pagaré por el importe de cada uno de los plazos; y al segundo, ó sea á Don Baudilio Durán, ciento treinta mil pesos de la misma moneda, pagaderos con los intereses del seis por ciento anual, á razón de trece mil pesos anuales, á contar desde el once de Mayo de mil novecientos uno, al once de Mayo de mil novecientos diez, ambos inclusive, obligándose también á expedir por el importe de cada plazo un pagaré á favor del expresado Sr. Durán, é hipotecando á la seguridad de ambos créditos varias fincas de su propie-

dad, hasta el número de veinte y seis, que se describen en la misma escritura, distribuyéndose entre ellas el crédito hipotecario por la cantidad principal, más por otra suma que se calculó para costas en caso de reclamación judicial.—Resultando: Que posteriormente, por escritura otorgada en la misma ciudad de Mayagüez y ante el Abogado y Notario de la misma Don José de Diego y Martínez, en seis de Octubre próximo pasado, Don Alfredo Saliva y Saliva y Don Ramón Frontera y Pons, como apoderados, el primero, de Don Luis Aran y Lancy y el segundo de Doña María Catalina Muntaner y Arbona, viuda, mayor de edad y vecina de Sóller en España, después de consignar los antecedentes que se dejan relacionados y que en cumplimiento de lo estipulado en la escritura hipotecaria de referencia, el deudor Don Luis Aran había expedido, en la misma fecha de dicha escritura, á la orden de Don Baudilio Durán, diez pagarés por el importe de los plazos en que debía verificarse el pago de la cantidad á dicho señor adeudada, de ellos los correspondientes á los plazos vencibles en los días once de Mayo de los años de mil novecientos cuatro, mil novecientos seis, mil novecientos siete y mil novecientos ocho, habiendo sido endosados á Doña Catalina María Muntaner, y que habiendo recibido esta señora de Don Luis Aran, con inclusión de los mil dollars que le había rebajado ó condonado por el anticipo del pago, los treinta y nueve mil novecientos treinta y seis pesos, veinte y nueve centavos, provinciales, á que ascendían los tres primeros pagarés, más novecientos treinta y seis pesos, veinte y nueve centavos, á cuenta del último, pagadero el once de Mayo de mil novecientos ocho, cuya cantidad era precisamente el total valor de las responsabilidades impuestas sobre algunas de las fincas hipotecadas que se relacionan en la misma escritura, el compareciente Don Ramón Frontera, á nombre de su poderdante Doña Catalina María Muntaner, otorgó á favor del deudor Don Luis Aran la más formal y eficaz carta de pago por los treinta y nueve mil novecientos treinta y seis pesos, veinte y nueve centavos, provinciales,

que de él confesaba recibidos, queriendo y consintiendo que se cancelara totalmente la responsabilidad hipotecaria que pesaba sobre las fincas de referencia; y haciendo uso á su vez el representante del deudor Don Luis Aran, del derecho que le concedía el artículo ciento veinte y cuatro de la Ley Hipotecaria, las elegía para que quedaran liberadas de las responsabilidades que pesaban sobre ellas; declarando á su vez el Notario otorgante que había inutilizado los tres pagarés presentados por el mismo Frontera y puesto en el otro, correspondiente al once de Mayo de mil novecientos ocho, la oportuna nota de quedar cancelado por la suma de novecientos treinta y seis pesos, veinte y nueve centavos, que había satisfecho el deudor á cuenta del valor total de dicho documento.—Resultando: Que presentada dicha carta de pago al Registrador de la Propiedad de San Germán para la cancelación de la hipoteca que pesaba sobre algunas de las fincas que debían ser liberadas y que radicaban en la demarcación de aquel Registro, se practicó la cancelación sin ningún inconveniente por parte del Registrador, mas no así por lo que respecta al de Mayagüez, pues habiéndole sido presentada dicha escritura con el mismo objeto respecto de otra de las fincas que radicaba en la demarcación de aquel Registro, denominada "Porvenir", fué denegada la cancelación por el Registrador, por los motivos que expresa la nota puesta al pie de la escritura, que copiada á la letra dice así: "No admitida la cancelación contenida en el precedente documento, por observarse los defectos de aparecer inscrita la hipoteca á favor de persona distinta de aquélla que presta su consentimiento para la cancelación; de que, si bien el montante de la deuda principal aparece cubierto con la cantidad recibida y la condonación efectuada, la cantidad que confiesa recibida el apoderado Sr. Frontera, y por tanto la carta de pago, no alcanza á cubrir el cómputo á qué dicha cancelación se refiere; resultando, además, que el poder que utiliza dicho apoderado no tiene facultades para hacer condonaciones; de que además de la

deuda principal de que responden las fincas de cuya cancelación se trata, grava sobre ellas otro crédito también hipotecario impuesto por el deudor para el pago de las costas en su caso, á cuyo gravamen no debe alcanzar la cancelación que se pretende y menos aún existiendo otros plazos anteriores, y por tanto de preferente derecho á los que son objeto de la cancelación, que no aparecen cancelados; de que si bien es cierto que el artículo 124 de la Ley Hipotecaria faculta al deudor, para elegir la finca ó fincas á que deba imputarse el pago, siempre que el que se efectúe alcance á cubrir la responsabilidad de aquélla ó aquéllas sobre que se hubiera establecido, tal facultad sólo podrá ejercitarse cuando el crédito sea uno, y por consiguiente cuando sea uno el acreedor hipotecario, pero no cuando la hipoteca se haya constituído ó dividido á favor de varias personas, y en el caso presente presta el consentimiento para la cancelación persona distinta de aquélla á cuyo favor se estableció el gravamen, de donde resulta que existe más de un acreedor hipotecario; y por último, de que si bien el artículo 124 da al deudor la facultad anteriormente expresada, en el caso presente entiende el que suscribe que no es de aplicación dicho artículo, por tratarse de plazos por vencer, y existir otros de anterior vencimiento, algunos ya vencidos, y que no aparece que hayan sido satisfechos, de donde podría resultar perjuicios á terceros privilegiados en el caso de que las demás fincas hipotecadas no alcanzasen á cubrir el montante de sus créditos; tomándose en su lugar y por lo que respecta á la hacienda "Porvenir", única que radica en la circunscripción de este Registro, anotación preventiva que tendrá efecto legal durante ciento veinte días desde su fecha, á tenor de lo dispuesto en la Ley de la Asamblea Legislativa sobre recursos contra las resoluciones de los Registradores de la Propiedad, aprobada en primero de Marzo último; con vista, además, del poder otorgado ante el Notario Don José Llambías, en la Villa de Sóller, á veinte y ocho de Febrero de mil ochocientos noventa y nueve, que utiliza el Sr. Frontera; cuya anotación se

tomó al folio 36, vuelto, del tomo 16 del Ayuntamiento de Las Marias, finca número 550 duplicado, anotación letra A."
—Resultando:   Que notificada dicha nota al presentante de la escritura, ha interpuesto en tiempo el abogado Don José de Diego, á nombre de Don Luis Aran y Don Ramón Frontera, ante este Tribunal Supremo el presente recurso gubernativo contra la calificación del Registrador, pidiendo se revoque y se le ordene la inscripción de la escritura de que se trata, sin derecho al cobro de honorarios y con las costas á su cargo; habiendo acudido también ante este Tribunal el Registrador de Mayagüez, exponiendo por escrito las razones que ha estimado pertinentes á su derecho.   Resultando: Que pendiente de resolución este recurso, ha presentado escrito el abogado Don José de Diego acompañando el poder conferido á Don Ramón Frontera y Pons por Doña Catalina María Muntaner y Arbona en la villa de Sóller, ante el Notario de la misma Don José Llambías, en 18 de Febrero de mil ochocientos ochenta y nueve, en el cual, entre otras facultades amplísimas, se las concede especiales para que pueda adquirir, vender, permutar, ceder ó en otra forma cualquiera enajenar y gravar toda clase de bienes por los precios y con los pactos y condiciones que tuviera por conveniente, otorgando las escrituras de cartas de pago y cancelación de toda clase de créditos, con inclusión de los hipotecarios, y un testimonio del acta notarial otorgada en Mayagüez por el Notario Don Mariano Riera Palmer, en trece del que cursa, por la que hace constar dicho funcionario que como Notario autorizante de la escritura hipotecaria de once de Mayo de mil novecientos, había extendido y sellado los pagarés expedidos por el deudor Don Luis Aran á favor de la sociedad Durán y Coll y Don Baudilio Durán en particular, quien los había aceptado, lo mismo que el deudor Don Luis Aran, que los había suscrito con su firma; que por una equivocación involuntaria del amanuense se había consignado en la cláusula cuarta del documento que los pagarés correspondientes al crédito de Don Baudilio

Durán eran suscritos por el deudor á favor de dicho acreedor, en vez de consignar que los suscribía á su favor y orden, como efectivamente fueron suscritos; y que para subsanar aquella omisión, que sólo envolvía un error material en la redacción de la escritura, el Notario autorizante levantaba la expresada acta con asistencia y conformidad de Don Luis Aran y Lancy y de los testigos instrumentales de aquella escritura, Don José Ramírez y Don Francisco Vera, en prueba de su asentimiento y conformidad con los hechos en ella expresados.—Siendo ponente el Sr. Presidente del Tribunal Don José S. Quiñones.—Considerando: Respecto del primer motivo en que se funda la nota denegatoria del Registrador de la Propiedad de Mayagüez, ó sea por aparecer inscrita la escritura hipotecaria á favor de persona distinta de aquella que presta su consentimiento para la cancelación, que si bien con arreglo al artículo 82 de la Ley Hipotecaria las inscripciones ó anotaciones preventivas, hechas en virtud de escritura pública, no se cancelarán sino por providencia ejecutoria contra la cual no se halle pendiente recurso de casación, ó por otra escritura ó documento auténtico en el cual exprese su consentimiento para la cancelación la persona á cuyo favor se hubiese hecho la inscripción ó anotación, ó su causahabiente ó representantes legítimos, este precepto no es aplicable cuando se trata de obligaciones trasmisibles por endoso, como lo son los pagarés á la orden, pues en estos casos la propiedad del crédito hipotecario se trasmite por el endoso del pagaré sin necesidad de otorgar escritura de cesión, ni de inscribirla en el Registro de la Propiedad, como lo establece el artículo 153 de la misma Ley Hipotecaria, bastando para la cancelación de la hipoteca en tales casos, como lo prescribe el mismo artículo 82 en su cuarto apartado, la presentación de la carta de pago otorgada por los que hayan cobrado los créditos, en la cual se haga constar haberse inutilizado en el acto de su otorgamiento los títulos endosables, ó solicitud firmada por dichos interesados y por el

deudor, á la cual se acompañen taladrados los referidos
títulos; requisitos que aparecen cumplidos en la carta de
pago de que se trata en el presente recurso.—Considerando:
Que establecido como está en el artículo 124 de la misma
Ley, sin excepción de casos, que dividida la hipoteca consti-
tuída para la seguridad de un crédito entre varias fincas y
pagada la parte del mismo crédito con que estuviere gra-
vada alguna de ella, se podrá exigir por aquél á quien
interese la cancelación parcial de la hipoteca en cuanto á la
misma finca; pero que si la parte de crédito pagada se
pudiere aplicar á la liberación de una ó de otra de las fincas
gravadas, por no ser inferior al importe de la responsa-
bilidad especial de cada una, el deudor elegirá la que haya
de quedar libre, ha estado en su derecho el representante
del deudor Don Luis Aran al elegir las fincas que habían de
ser liberadas por ser igual la cantidad pagada á la parte del
crédito hipotecario de que responden dichas fincas, máxime
cuando ningún perjuicio puede seguirse á los tenedores de
los otros pagarés que están suficientemente garantidos con el
valor de las otras fincas hipotecadas.—Considerando: Que
si con arreglo al artículo citado de la Ley Hipotecaria, tiene
derecho el deudor para liberar cualquiera de las fincas
gravadas, pagando la parte del crédito hipotecario que gra-
vite sobre ellas, es lógico deducir que en este caso debe
quedar igualmente liberada la finca de la responsabilidad
sobre ella impuesta por la parte que le fuere repartida de la
cantidad calculada para costas, que es una responsabilidad
condicional y subsidiaria y que como tal debe estimarse
extinguida, al extinguirse, por el pago, la obligación prin-
cipal, antes de haberse realizado la condición establecida
para que pudiera hacerse efectiva.—Considerando: Que
autorizado como lo estaba expresamente el apoderado de
Doña Catalina María Muntaner, Don Ramón Frontera, por
el poder generalísimo que le confiriera dicha señora en la
villa de Sóller, en veinte y ocho de Febrero de mil ocho-
cientos noventa y nueve, que fué presentado al Registrador

en unión de la carta de pago de que se trata, para adquirir, vender, permutar, ceder, ó en otra forma cualquiera enajenar y gravar toda clase de bienes por los precios y con los pactos y condiciones que tuviera por conveniente, lo estaba también para condonar al deudor los mil dollars que le rebajó por el anticipo del pago de los plazos, cuyo vencimiento no había llegado aún, lo que no importaba realmente una verdadera donación, sino una operación de descuento que es una forma de enajenación como otra cualquiera y para la cual estaba expresamente autorizado por el poder que le confiriera su mandante Doña Catalina María Muntaner.—Vistas las disposiciones legales citadas, el artículo 1,860 del Código Civil y la Resolución de la Dirección General de los Registros de la Propiedad y del Notariado, de veinte y tres de Junio de mil ochocientos ochenta y ocho.—Se revoca la nota puesta por el Registrador de la Propiedad sustituto, de Mayagüez, al pie de la carta de pago que motiva el presente recurso y se declara que procede la cancelación de la parte del crédito hipotecario de que por principal y costas responde la finca denominada "Porvenir", por virtud de la escritura hipotecaria, de once de Mayo de mil novecientos, sin especial condenación de costas.—Y con devolución de los documentos presentados, remítase al Registrador de Mayagüez copia certificada de la presente resolución para su conocimiento, el de los interesados y demás efectos procedentes.—Lo acordaron y firman los señores del Tribunal, de que certifico.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Louis Sulzbacher.—Antonio F. Castro, *Secretario.*